O

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**LAREDO DIVISION**

| | | |
|---|---|---|
| **ERNESTO GARCIA,** | § | |
| | § | |
| **Plaintiff,** | § | |
| **vs.** | § | **Civil Action No. L-10-101** |
| | § | |
| **HILLARY CLINTON,** | § | |
| | § | |
| **Defendant.** | § | |

**MEMORANDUM AND ORDER**

**Ernesto Garcia has sued Secretary of State Hillary Clinton, in her official capacity only, challenging the denial of his application for a United States passport. (Dkt. 9.) Garcia brings claims under 8 U.S.C. §1503, and the Administrative Procedures Act ("APA"), 5 U.S.C. §702. (Id.) On March 2, 2011, Clinton filed a motion to dismiss Garcia's claim under the APA, claiming lack of subject-matter jurisdiction under Rule 12(b)(1), Fed. R. Civ. P.[1] (Dkt. 14.) Garcia responded and Clinton replied. (Dkt. Nos. 18, 20.) Having considered the pleadings, the parties' briefs, and the applicable law, Clinton's motion is GRANTED.**

**BACKGROUND**

**[1] It is at least arguable that Clinton's motion should more appropriately lie under Rule 12(b)(6). See Nelson v. Clinton, No. H-10-0058, 2010 U.S. Dist. LEXIS 134862, at *6 n.2, *26–28 (S.D. Tex. Dec. 21, 2010); Villegas v. Clinton, No. H-10-0029, 2010 U.S. Dist. LEXIS 134280, at *26–27 (S.D. Tex. Dec. 20, 2010). Under either approach, the motion would be granted.**

**Garcia claims that he was born in Laredo, Texas on July 26, 1975, and is therefore a United States citizen. (Dkt. 9, at 3.) On or about June 18, 2009, Garcia submitted an application for a United States passport to the Department of State. (Id.) On November 4, 2010, he received a letter explaining that his application had been denied. (Id. at 4.) Garcia asserts that the letter denied his application because: (1) he failed to respond to a July 6, 2010 letter requesting additional information; (2) there were suspicions surrounding his birth attendant; and (3) the discovery of a Mexican birth certificate in his name, suggesting that he was not born in the United States. (Dkt. 18, at 6–7.)**

**Garcia claims that he never received the July 6 letter requesting additional information. (Dkt. 9, at 4.) He also claims that the alleged Mexican birth certificate was the subject of "a hearing held by the State of Texas" on April 7, 2009. (Dkt. 18, at 3.) He does not explain what State officer or forum was involved in this hearing. Garcia asserts that after that hearing, the State was satisfied that he was born in Laredo, Texas on July 26, 1975, and issued him a Texas birth certificate. (Dkt. 9, at 4.) Garcia also notes that he filed a petition with the United States Customs and Immigration Service ("USCIS") to "emigrate" his wife to the United States from**

Mexico, and that it too was denied because of the alleged Mexican birth certificate. (Id. at 3–4.) The USCIS petition was denied on March 10, 2010. (Id. at 4.)

Garcia filed the instant case on September 13, 2010. (Dkt. 1.) He seeks a declaratory judgment that he is a United States citizen and an order requiring Clinton to issue him a passport. (Dkt. 9, at 6.)

## DISCUSSION

Under the APA, "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. §702. Garcia alleges that the Department of State's denial of his passport application was "arbitrary, unreasonable, and unsupported by fact or law," and therefore reviewable under the APA. (Dkt. 9, at 5.); see 5 U.S.C. §706. As Clinton points out, however, the APA allows judicial review of agency action only when "there is no other adequate remedy in a court." 5 U.S.C. §704. Clinton argues that §1503(a) provides an adequate remedy for Garcia's claim, and therefore forecloses review under the APA. (Dkt. 14, at 3.) Section 1503(a) provides in relevant part:

> If any person who is within the United States claims a right or privilege as a national of the United States and is denied such right or privilege by any department or independent agency, or official thereof,

O

> upon the ground that he is not a national of the United States, such person may institute an action under the provisions of section 2201 of title 28, United States Code, against the head of such department or independent agency for a judgment declaring him to be a national of the united states . . . .[2]

Id.

Thus, §1503 allows a plaintiff within the United States who is denied a privilege as a United States national, such as the issuance of a passport, to bring a declaratory action under 28 U.S.C. §2201.[3] "A suit under section 1503(a) is not one for judicial review of the agency's action. Rather, section 1503(a) authorizes a de novo judicial determination of the status of the plaintiff as a United States national." Richards v. Sec'y of State, 752 F.2d 1413, 1417 (9th Cir. 1985); see also Reyes v. Neelly, 264 F.2d 673, 674 (5th Cir. 1959) (noting that review under §1503 is de novo). In an action under §1503, the plaintiff has the burden of proving, by a preponderance of the evidence, that he is a United States national. De Vargas v. Brownell, 251 F.2d 869, 870–71 (5th Cir. 1958); see also Escalante v. Clinton,

---

[2] As used in §1503, a "national of the United States" means "(a) a citizen of the United States, or (b) a person who, though not a citizen of the United States, owes permanent allegiance to the United States. 8 U.S.C. §1101(a)(22). Garcia seeks a judgment declaring him a United States citizen. (Dkt. 9, at 5.)

[3] "A passport may be issued only to a U.S. national." 22 C.F.R. §51.2(a). As used here, a "U.S. national" means "a U.S. citizen or a U.S. non-citizen national. 22 C.F.R. §51.1(l).

**386 Fed. Appx. 493, 496 (5th Cir. 2010) (citing De Vargas, 251 F.2d at 870); Patel v. Rice, 403 F. Supp. 2d 560, 562 (N.D. Tex. 2005).**

**Garcia argues that §1503 is not an "adequate remedy" in this case. He claims that his passport application was denied on three grounds, two of which would not be reviewable under §1503. (Dkt. 18, at 6–7.) Again, the three grounds include: (1) his failure to respond to the July 6, 2010 request for more information; (2) suspicions about his birth attendant; and (3) the discovery of a Mexican birth certificate in his name. (Id.) Garcia reasons that because §1503 "deals only with the denial of a right or privilege based on the ground that a person is not a U.S. national," only the third of the above grounds would be reviewable in a claim brought under §1503. (Id. at 5–7.)**

**A reading of the November 4, 2010 letter makes clear, however, that Garcia's passport application was denied because he failed to adequately establish his status as a United States Citizen. (Dkt. 25, Attach. 1, at 1.) Indeed, that letter specifically states that "[a]n individual applying for a U.S. passport has the burden of proving by a preponderance of the evidence . . . his or her U.S. citizenship or nationality" and that the documentation provided by Garcia was "not sufficient to establish by a preponderance of the evidence that [he was] born**

**in the United States."[4] (Id.) The midwife issue and Garcia's failure to respond to the request for more information are merely shades and phases of the ultimate decision that Garcia did not adequately prove his citizenship. That issue, whether Garcia is in fact a United States citizen, is exactly the type that an action under §1503 is intended to address.**

**Garcia also argues that "the contemporaneous filing with the USCIS, and its subsequent denial, seem to have influenced the Defendant's decision with regard to issuance of Plaintiff's passport," and that "[i]t is unclear if the relationship, if any, between the decision made by USCIS and that made by Defendant can be adequately explored under the strictures of §1503(a)." (Dkt. 18, at 7.) Garcia pleads no facts illuminating this contention, which appears to be pure speculation. In any event, the ultimate issue is whether Garcia has sufficient proof of United States citizenship to overcome the matter of the allegedly suspicious birth attendant and his Mexican birth certificate. The remote possibility that a State Department official was aware of and influenced by a USCIS decision pertaining to Garcia's wife is irrelevant.[5]**

---

**[4] See 22 C.F.R. §51.40 ("The applicant [for a passport] has the burden of proving that he or she is a U.S. citizen or non-citizen national.").**

**[5] It is worth noting the obvious fact that the State Department and USCIS are entirely separate government agencies.**

Finally, Garcia argues that the "findings" of the April 7, 2009 State hearing are "entitled to full faith and credit" and that "it is not certain that such a determination can be made purely under §1503(a)." (Dkt. 18, at 7.) Garcia does not explain the "findings" he refers to, nor on what evidence those findings were made. He does claim that the State issued him a birth certificate as a result of the April 7 hearing, which suggests that this was the first time he had a Texas birth certificate. (Id. at 3.) If that certificate is entitled to full faith and credit, it would constitute "prima facie evidence" of the facts stated therein, but would not necessarily be conclusive. See Tex. Health & Safety Code Ann. §191.052 (West 2010). There is no reason why its effect and the validity of that certificate cannot be resolved in a proceeding under §1503.

Section 1503 provides review of the key issue in this case, namely whether Garcia is a United States citizen and entitled to a passport. Thus, §1503 constitutes an adequate remedy under 5 U.S.C. §704, and Garcia fails to state a claim under the APA. Other courts addressing this issue have reached the same result. E.g., Garza v. Clinton, No. H-10-0049, 2010 U.S. Dist. LEXIS 137093, at *9 (S.D. Tex. Dec. 29, 2010) ("Accordingly, review of the passport agency's action under the APA is precluded in this case because the relief [Plaintiff] seeks may be directly sought through 8 U.S.C. § 1503(a)."); Nelson v. Clinton, No. H-10-0058,

**2010 U.S. Dist. LEXIS 134862, at *27–28 (S.D. Tex. Dec. 21, 2010) ("Because [Plaintiff] has an adequate remedy under 8 U.S.C. § 1503(a), the Court concludes that she fails to state a valid claim for relief under the APA."); Villegas v. Clinton, No. H-10-0029, 2010 U.S. Dist. LEXIS 134280, at *27 (S.D. Tex. Dec. 20, 2010) (same); Tavera v. Harley-Bell, No. 09-cv-0299, 2010 U.S. Dist. LEXIS 32980, at *9–10 (S.D. Tex. Mar. 31, 2010) ("This Court holds that 8 U.S.C. § 1503(a) does indeed provide an adequate remedy to address Plaintiff's injuries such that review under the APA is precluded.").**

## CONCLUSION

**For the foregoing reasons, Clinton's motion to dismiss (Dkt. 14) Garcia's claim under the APA is GRANTED.**

**DONE at Laredo, Texas, this 1st day of June, 2011.**

**George P. Kazen**
**Senior United States District Judge**