IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| ERNESTO GARCIA, § | |
| § | |
| Plaintiff, § | |
| vs. § | Civil Action No. L-10-101 |
| § | |
| HILLARY CLINTON, § | |
| § | |
| Defendant. § | |

MEMORANDUM AND ORDER

Pending before the Court is Plaintiff Ernesto Garcia's Motion for Summary Judgment. (Dkt. 35.) Garcia has filed suit against Secretary of State Hillary Clinton, in her official capacity, seeking a declaratory judgment that he is a citizen of the United States and ordering Clinton to issue him a United States passport. (Dkt. 9 at ¶ 27.) On June 1, 2011, the Court dismissed Garcia's claim under the Administrative Procedures Act, leaving only his 8 U.S.C. § 1503 claim[1], on which he now moves for summary judgment. (Dkt. 27). For the reasons that follow, Garcia's motion will be DENIED.

---

[1] "If any person who is within the United States claims a right or privilege as a national of the United States and is denied such right or privilege by any department or independent agency, or official thereof, upon the ground that he is not a national of the United States, such person may institute an action . . . against the head of such department or agency for a judgment declaring him to be a national of the United States." 8 U.S.C. § 1503(a).

BACKGROUND

The following facts are either undisputed or taken in the light most favorable to Clinton, the nonmovant. On or about June 28, 2009, Garcia applied for a United States passport. (Dkt. 9 at ¶ 14.) In support of his application, he submitted a copy of a birth certificate issued by the Texas Department of Health's Bureau of Vital Statistics, (Dkt. 35-12 at 1), which states that he was born on July 26, 1975, in Laredo.

On July 6, 2010, the Director of the Charleston Passport Center wrote to request additional information regarding the factual circumstances of Garcia's birth, because the birth attendant who filed his Texas record was suspected of submitting false birth records.[2] (Dkt. 35-12 at 2.) When Garcia failed to respond[3], the Director denied his passport application. (Dkt. 35-12 at 1.) The Director explained Garcia's Texas birth certificate was insufficient to establish by a preponderance of the evidence that he was born in the United States because of both suspicion regarding the birth attendant and the existence of a foreign birth record registered on October 16, 1974, which

---

[2] The attendant, Emma Lopez, pled guilty before this court "in February 1980 to a one-count violation of 18 U.S.C. § 1425 which proscribes the knowing procurement of any certificate or other evidence of citizenship for any person not entitled thereto." United States v. Lopez, 704 F.2d 1382 (5th Cir. 1983) (upholding this Court's denial of Lopez's petition for habeas corpus under 28 U.S.C. § 2255.)
[3] Garcia claims that he never received the July 6 letter. (Dkt. 9 ¶ 15.)

states that he was born on September 11, 1974 in Nuevo Laredo, Mexico. (Id.)

Concerning the Mexican record, Garcia had filed a civil suit in Mexico seeking to cancel it as being fraudulent. In his petition in that suit, Garcia claimed that his parents procured the Mexican record to facilitate his inheritance of family property in Mexico, which would have been impossible at that time for someone born in the United States. (Dkt. 35-6 at 2.) The defendant, an official of the Civil Register, failed to respond. (Dkt. 35-7, 35-8.) On August 29, 2002, the Mexican civil judge granted judgment in favor of Garcia and ordered that his Mexican birth record be canceled. (Id., Dkt. 35 at 5.)

Sometime thereafter, but before the passport denial at issue in this case, Garcia requested a certified copy of his Texas birth record from the Texas Department of State Health Services. In a letter dated December 2, 2008, the State Registrar denied his request because "V.S. [Vital Statistics] ha[d] received a Mexican Birth Record which states [he] was born in Nuevo Laredo, Tamaulipas, Mexico." (Dkt. 35-9.) Garcia then requested a hearing before the Department of State Health Services to review the denial. After a hearing on April 21, 2009, a Hearing Examiner from the Department ordered the State Registrar to issue Garcia a certified copy of his birth certificate. (Dkt. 35-10 at 1.) The examiner found that "the

existence of the Mexican birth record was explained [and] the conflicting evidence was cancelled by the Mexican court and its existence was fully accounted for by the witnesses," Garcia's parents and accountant. (Dkt. 35-10 at 3-4.) The examiner further found that "there is a preponderance of the evidence indicating Ernesto Garcia was born in Laredo . . . as set forth in the Texas Birth Certificate" and thus concluded that "the accuracy of the Texas Certificate of Birth . . . was confirmed." (Dkt. 35-10 at 4.)

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law." Sossamon v. Lone Star State of Tex., 560 F.3d 316, 326 (5th Cir. 2009) (quoting Hamilton v. Segue Software, Inc., 232 F.3d 473, 477 (5th Cir. 2000)). "An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." Id. (quoting Hamilton, 232 F.3d at 477). In determining whether a fact issue exists, the Court views "the facts and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co., 336 F.3d 410, 412 (5th Cir. 2003).

The moving party bears the initial burden of showing that there is no genuine fact issue. Condrey v. Sun Trust Bank of Ga., 429 F.3d 556, 562 (5th Cir. 2005) (citing Celotex Corp. v. Catrett, 106 S. Ct. 2548, 2552 (1986)). "Once the moving party has demonstrated the absence of a material fact issue, the non-moving party must 'go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial.'" Boudreaux v. Swift Transp. Co., 402 F.3d 536, 540 (5th Cir. 2005) (quoting Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)).

The burden of proof at the summary judgment stage is on the party who would bear the burden at trial. Celotex, 106 S. Ct. at 2554. In a § 1503 action, the plaintiff bears the burden of proving, by a preponderance of the evidence, that he is an American citizen. De Vargas v. Brownell, 251 F.2d 869, 870-1 (5th Cir. 1958); see also 22 C.F.R. § 51.40. Accordingly, Garcia bears the burden of proving that no genuine issue of material fact exists.

## DISCUSSION

### I. The Texas Department of State Health Services' decision

"The ultimate factual issue in this case [is] whether [Garcia] was born in the United States or Mexico." Escalante v. Clinton, 386 Fed. Appx. 493 (5th Cir. 2010). Garcia argues that there is no genuine issue regarding this material fact because,

pursuant to collateral estoppel principles, this court must give preclusive effect to the Texas agency's decision. (Dkt. 35 at 15.) That is, Garcia contends that the Texas court's determination that he was born in Laredo binds Clinton in this court. Clinton counters that collateral estoppel does not apply against her, primarily because she neither had notice of nor participated in the Texas state proceedings and was not in privity with the prior party, the State of Texas.

"When a state agency acting in a judicial capacity . . . resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate, . . . federal courts must give the agency's factfinding the same preclusive effect to which it would be entitled in the State's courts." Univ. of Tennessee v. Elliott, 106 S. Ct. 3220, 3226 (1986) (internal citations omitted); see also United States v. Texas, 158 F.3d 299, 304 (5th Cir. 1998). Traditionally, "under Texas law, a party seeking to invoke preclusion must establish: (1) the facts sought to be litigated in the second action were fully and fairly litigated in the prior action; (2) those facts were essential to the judgment in the first action; and (3) the parties were cast as adversaries in the first action." U.S. v. Texas, 158 F.3d at 304, quoting Bonniwell v. Beech Aircraft Corp., 663 S.W.2d 816, 818 (Tex. 1984).

The third requirement has been refined to require that the "party against whom the plea of collateral estoppel is being asserted be a party or in privity with a party in the prior litigation." Eagle Properties, Ltd. v. Scharbauer, 807 S.W.2d 714 (Tex. 1990). This requirement is meant to safeguard "our deep-rooted historic tradition that everyone should have his day in court," which requires that "a judgment . . . among parties to a lawsuit resolves issues as among them but it does not conclude the rights of strangers to those proceedings." Richards v. Jefferson County, Ala., 116 S. Ct. 1761, 1766 (1996). A nonparty is considered in privity with a party if "he has succeeded to the party's interest in property . . . , if he controlled the prior litigation . . . , [or] if the party adequately represented his interests in the prior proceeding." Latham v. Wells Fargo Bank, N.A., 896 F.2d 979, 983 (5th Cir. 1990).

Garcia argues that Clinton, clearly a nonparty to the prior litigation, is in privity with a prior party, the State of Texas. Garcia contends that Clinton's interests "were more than adequately represented at the prior hearing" because she and the State of Texas share an identical interest in not "wish[ing] to provide [Garcia] with an official document unless they were satisfied that he was entitled to such a document." (Dkt. 35 at 17.)

However, Clinton's "interest . . . in the enforcement of federal immigration laws and the determination of U.S. citizenship . . . [is] distinct from Texas's interest in carrying out its state government functions." (Dkt. 36 at 9.) Because a valid passport is considered proof of United States citizenship, see 22 U.S.C. §2705, Clinton's interest is in properly determining Garcia's citizenship, a concern that is entirely federal. Further, the existence of a valid state birth certificate does not conclusively determine citizenship, as Garcia's motion implies. Instead, while a state birth certificate is considered "primary evidence of birth in the United States" for purposes of determining citizenship, Clinton retains the discretion to require additional evidence of citizenship before granting a passport- as she already did in this case. See 22 C.F.R. §51.42, 51.44.

Accordingly, Clinton was neither a party to nor in privity with a party to the prior litigation. Hence, the determination of the Texas agency has no preclusive effect in this case. Rather, the trier of fact will determine what evidentiary weight the state agency's determination deserves.

II. The Mexican Court's Judgment

In further support of his claim to a Texas birth, Garcia offers the Mexican court judgment cancelling his Mexican birth certificate. (Dkt. 35-6, 35-7.) That judgment has no preclusive

effect in the present litigation for the same reason that the Texas judgment does not: Clinton was neither a party to the Mexican civil proceeding nor in privity with such a party. Indeed, Clinton's interests clearly were not adequately represented by a Mexican official who neither appeared nor otherwise defended the action.

Clinton argues that the existence of a Mexican birth record—-even now invalidated—-raises a genuine dispute regarding Garcia's birthplace. The Court agrees. Ultimately, the weight to be given the Mexican civil judge's decision and the cancellation of Garcia's Mexican birth record is a question for the trier of fact.

### III. Other evidence

In support of his motion, Garcia submits deposition testimony from his parents, who both testified that Garcia was born in Laredo and that the Mexican birth record was fraudulently created. (Dkt. 35-1, 35-2.)

Clinton counters that Garcia's father gave inconsistent testimony regarding the date the Mexican birth record was created. Although that date does not directly determine whether Garcia was born in Texas, one could infer—as Clinton argues—that whichever birth record was created first is valid. The Mexican record bears a filing date of October 16, 1974, (Dkt. 35-10 at 3), while the Texas certificate was received by the local

registrar on July 29, 1975, and by the state Department of Health on August 11, 1975. (Dkt. 35-10 at 6.) Clinton also produces a school report card reflecting that Garcia was attending 4th grade in Mexico. (Dkt. 36-2 at 2). Further, insofar as Clinton seeks to impugn Garcia's father's credibility and thereby undermine his testimony that Garcia was born in the United States, questions of credibility are not decided at the summary judgment stage. See Hardin v. Pitney-Bowes, Inc., 101 S. Ct. 2345 (1981).

Finally, in support of her position that a genuine dispute remains regarding Garcia's birthplace, Clinton points to the birth attendant's conviction for falsely registering births. (Dkt. 35-15 at 4.) The probative value of that conviction must be resolved by the ultimate trier of fact. In sum, Clinton has met her burden of producing evidence demonstrating the existence of a triable dispute of fact regarding Garcia's place of birth.

Garcia's Motion for Summary Judgment (Dkt. 35) is DENIED.

DONE at Laredo, Texas, this 17th day of July, 2012.

_____
George P. Kazen
Senior United States District Judge